RECEIVED
2006 FEB -9 P 3:35
DEBRA P. HACKETT, CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV129-WKW |
| ) | |
| DONNA BEASLEY and SOUTH, ) | |
| CENTRAL ALABAMA MENTAL ) | |
| HEALTH CENTER ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

I.  INTRODUCTORY AND JURISDICTIONAL STATEMENTS

1. This is a civil action seeking injunctive relief, damages and attorney's fees against a director of a state funded agency and a contractor with the State of Alabama arising from the deprivation of the rights of the plaintiff, a pre-trial detainee, while he attended a substance abuse treatment program. More particularly, plaintiff claims hat he was deprived of a right to attend a halfway house because of prohibited racism and a failure to grant him procedural due process rights in violation of the Fifth and Fourteenth Amendments as guaranteed and protected under 42 U.S.C. 1983. Plaintiff also sues for breach of contract under the laws of the State of Alabama.

2. Jurisdiction of this honorable Court is invoked pursuant to 28 U.S.C. 1343 (civil rights jurisdiction), 28 U.S.C 1331 this being an action under the constitution and laws of the United States of America and 28 U.S.C. 1367 (supplemental jurisdiction).

II. PARTIES

3. Plaintiff is a Black felony pre-trial detainee who was over the age of eighteen years next preceding the filing of this complaint.

4. Defendant Donna Beasley, a member of the Caucasian race, is the Director of the First Step substance abuse treatment program, is an employee of defendant South Central Mental Health Alabama Center and is over the age of eighteen years next preceding the filing of this complaint who is here sued in her individual and official capacities.

5. Defendant South Central Alabama Mental Health Center in a contract provider of substance abuse treatment programs for the State of Alabama Department of Mental Health and Mental Retardation and therefore is an agent of the State of Alabama and is here sued for actual knowledge of the occurrences and/or *resposdeat superior*.

### III. FACTS

6. Plaintiff had been a resident of First Step substance abuse treatment program, for all male residents, in Luverne, Alabama where he had successfully completed the program on January 17, 2006.

7. While plaintiff had experienced what would be considered minor problem in the program he was sufficiently well thought of by his fellow residents (consumers) to have been elected "mayor" of the program which required some display of leadership and the ability to teach classes.

7. During his residency plaintiff had a disagreement with employee Nichole Hardwick, a member of the Caucasian race, over his timely use of a telephone and preference being give to a white consumer.

8. The disagreement ended with Hardwick telling plaintiff that she was not responsible for any "damn" telephone list and plaintiff stating that he did not want to hear that

"_____"..

9. Although plaintiff complained to defendant Beasley about the incident he received a second written reprimand (write-up) for cursing Hardwick after having received a first such write-up for sleeping in class.

10. The program has a rule that one is to be expelled upon the receipt of three write-ups.

11. Subsequently, a person whose identity was unknown cursed in class and Hardwick accused plaintiff of being the person who cursed but later apologized to him for the wrongful accusation.

12. On or about January 10, 2006, one Ronnie Lee Rice, a white consumer, called plaintiff a "boy" and plaintiff told him that if he were not scheduled to go to a halfway house he would see him outside.

13. The statement of plaintiff did not constitute a threat of violence or a promise to do harm but instead was a statement of the reason why he would do no harm to Rice.

14. On January 17, 2006, the day before his scheduled departure for the Clean and Sober halfway house in Mobile, Alabama, plaintiff was dismissed from the program for threatening violence and returned to the Dallas County jail after having no knowledge that he was charged with any misconduct.

15. While there were absolutely no procedural safeguards provided prior to the write-ups, plaintiff also received nothing in writing concerning the threatening violence charge: the defendant Beasley refused to permit plaintiff to call Hardwick to tell of her mistake and apology or to call other witnesses and considered it sufficient that some five "white" consumers told her that plaintiff had threatened Rice.

16. Plaintiff received no hearing before an impartial board, the testimony of the white consumers, except Rice, constituted hearsay evidence and he received no written finding containing the reason for his expulsion.

17. By expelling plaintiff from the program he lost a significant freedom because he was returned to the Dallas County jail rather than being allowed to attend the halfway house, with its additional privileges, where a successful completion of a stay there could be a positive influence on a sentencing court as it concerns plaintiff's criminal charges.

18. The program, under defendant Beasley, has a history of practiced racism against members of the plaintiff and other race, which racism would include, but not be limited to, allowing white consumers to wear "Confederate attire, and not expelling one Allen _____, who is white and who has acquired 4 or 5 written write ups.

19. The acts and omissions of defendant Beasley were done in bad faith with the knowledge and consent of defendant South Central Alabama Mental Health Center.

20. Plaintiff has no adequate remedy at law and unless this Court take jurisdiction of this cause he will suffer irreparable injury.

IV. COUNT ONE
Disparate Treatment Based on Race

21. Plaintiff re-alleges paragraphs 1 thru 20 above as though specifically set forth herein.

22. Plaintiff alleges that the history of treating him and other Blacks different than Caucasians, Beasley's belief in the truthfulness of the witnesses because they were white, her permission to whites to wear Confederate attire, her retention of Allen _____ in the program who had 4 or 5 write-ups and the dismissal of plaintiff from the program, as above

described, constitutes a disparate treatment of plaintiff solely because of his race. By such acts and omissions the defendants have deprived plaintiff of his right to be free from racial discrimination in violation of the due process of law clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States as guaranteed and protected under 42 U.S.C. 1983.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays:

1. That process issues from this honorable Court requiring defendants to answer this complaint within the time required by law.

2. That plaintiff be granted a temporary mandatory injunction and a permanent injunction requiring defendant Beasley to do such acts necessary to cause plaintiff to be accepted in a halfway house program as he was originally scheduled.

3. That such permanent injunction require defendants to cease all acts of disparate treatment based on race.

4. That plaintiff be awarded compensatory and punitive damages against both defendants.

5, That this honorable Court grant attorney's fees, court cost and such further relief that it deems just and proper.

### V. COUNT TWO
Depravation of Procedural Rights

23. Plaintiff re-alleges paragraphs 1 thru 22 above as though specifically set forth herein.

24. Plaintiff alleges that he did not lose all his constitutional rights, particularly as a

pretrial detainee, by either being incarcerated for the crimes for which he is charged or by enrolling in the substance abuse program. By performing those things required of him as a prerequisite to admission to the halfway house in Mobile, Alabama, and applying for same which included obtaining an amended court order allowing his transfer to the halfway house, he acquired a right to attend said halfway house which was taken from him without procedural due process of law. By such acts and omissions plaintiff was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution as guaranteed and protected by 42 U.S.C. 1983.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays for the same relief sought under Count One above as it concerns his depravation of procedural rights.

### VI. COUNT THREE
#### Deprivation of Procedural Due Process

25. Plaintiff re-alleges paragraphs 1 thru 24 above as though specifically set forth above.

26. Plaintiff alleges that the even without creating a contract, the loss of any opportunity to attend the halfway house was the loss of a significant freedom without any procedural safeguards in violation of the sue process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as guaranteed and protected under 42 U.S.C. 1983.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays for the same relief sought in Count Two above.

### VII. COUNT FOUR
#### Denial of Substantive Due Process

27. Plaintiff re-alleges paragraphs 1 thru 26 above as though specifically set forth herein.

28. Plaintiff avers that the alleged offense supposedly constituting the reason for his expulsion from the program was not a threat as a matter of law and therefore any decision to punish plaintiff based upon such "threat" was arbitrary and a denial of plaintiff's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution as guaranteed and protected under 42 U.S.C. 1983.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays for the same relief sought in Count One above as it concerns being deprived on substantive due process.

## VIII. COUNT FIVE
### Breach of Contract

29. Plaintiff re-alleges paragraphs 1 thru 28 above as though specifically set forth herein.

30. Plaintiff alleges that there existed a contract between defendants and himself requiring his admission to the halfway house in Mobile which contract was breached by defendants.

31. By the acts and omissions of the defendant they breached the contract under the laws of the State of Alabama.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays for the relief sought in Count One above as it concerns a breach of contract and specific performance of the contract.

*Anthony Daniels*
ANTHONY DANIELS

STATE OF ALABAMA )
)
COUNTY OF DALLAS )

Sworn to and subscribed before me this the 30th day of January, 2006.

*Betty J. Strong*
NOTARY PUBLIC

Respectfully submitted,

*Bruce Boynton*
ATTORNEY FOR PLAINTIFF
BRUCE BOYNTON )BOY-109)
BRUCE CARVER BOYNTON, LLC
Post Office Box 389
Selma, AL 36702
(334) 874-6758
bruceboynton @bellsouth.net