IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ANTHONY DANIELS,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CIVIL ACTION NO. :** |
| ) | **CV-2-06W129-WKW** |
| ) | |
| **DONNA BEASLY and SOUTH** ) | |
| **CENTRAL ALABAMA MENTAL** ) | |
| **HEALTH CENTER,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER

COME NOW Defendants, South Central Alabama Mental Health Center (properly known as, South Central Alabama Mental Health Board and hereinafter referred to as "SCAMHB" or "Defendant") and Donna Beasly, (hereinafter, "Beasly" or "Defendant") and in Answer to the Complaint filed by Plaintiff Anthony Daniels (hereinafter, "Plaintiff" or "Daniels") in this cause of action states the following:

**I. INTRODUCTORY AND JURISDICTIONAL STATEMENTS**

1. In response to Paragraph One of Plaintiff's Complaint, Defendants admit that this cause of action is a civil action brought under 42 U.S.C. §1983 for an alleged deprivation of Plaintiff's Constitutional rights under the Fifth and

Fourteenth Amendments to the United States Constitution. Defendants admit that Plaintiff has made an allegation of racial discrimination and an allegation of breach of contract brought pursuant to the laws of the State of Alabama. Defendants deny all other allegations of this Paragraph and demand strict proof thereof.

2. In response to Paragraph Two of Plaintiff's Complaint, Defendants admit that subject matter jurisdiction in this case is proper.

## II. PARTIES

3. Defendants admit to the allegations in Paragraph Three of Plaintiff's Complaint.

4. Defendants admit to the allegations in Paragraph Four of Plaintiff's Complaint.

5. Defendants admit to the allegations of Paragraph Five of Plaintiff's Complaint.

## III. FACTS

6. In response to the allegations of Paragraph Six of Plaintiff's Complaint, Defendants admit that Plaintiff was a resident of First Step, a substance abuse treatment facility located in Luverne, Alabama and operated by Defendant SCAMHB. Defendants deny all other allegations made in this

Paragraph and demand strict proof thereof.

7. In response to the allegations of the first Paragraph Seven of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

7. In response to the allegations of the second Paragraph Seven of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

8. In response to the allegations of Paragraph Eight of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

9. In response to the allegations of Paragraph Nine of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

10. In response to the allegations of Paragraph Ten of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

11. In response to the allegations of Paragraph Eleven of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

12. In response to the allegations of Paragraph Twelve of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

13. In response to the allegations of Paragraph Thirteen of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

14. In response to the allegations of Paragraph Fourteen of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

15. In response to the allegations of Paragraph Fifteen of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

16. In response to the allegations of Paragraph Sixteen of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

17. In response to the allegations of Paragraph Seventeen of Plaintiff's Complaint, Defendants are without sufficient knowledge to admit or deny said allegations.

18. In response to the allegations of Paragraph Eighteen of Plaintiff's Complaint, Defendant deny all allegations and demand strict proof thereof.

19. In response to the allegations of Paragraph Nineteen of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

20. In response to the allegations of Paragraph Twenty of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## IV. COUNT ONE
## DISPARATE TREATMENT BASED ON RACE

21. Defendants restate their responses to Paragraphs One through Twenty of Plaintiff's Complaint as if set out in full herein.

22. In response to the allegations of Paragraph Twenty-two of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## V. COUNT TWO
## DEPRAVATION OF PROCEDURAL RIGHTS

23. Defendants restate their responses to Paragraphs One through Twenty-two of Plaintiff's Complaint as if set out in full herein.

24. In response to the allegations of Paragraph Twenty-four of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## VI. COUNT THREE
## DEPRAVATION OF PROCEDURAL DUE PROCESS

25. Defendants restate their responses to Paragraphs One through Twenty-four of Plaintiff's Complaint as if set out in full herein.

26. In response to the allegations of Paragraph Twenty-six of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## VII. COUNT FOUR
## DENIAL OF SUBSTANTIVE DUE PROCESS

27. Defendants restate their responses to Paragraphs One through Twenty-six of Plaintiff's Complaint as if set out in full herein.

28.     In response to the allegations of Paragraph Twenty-eight of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## VIII.  COUNT FIVE
## BREACH OF CONTRACT

29.     Defendants restate their responses to Paragraphs One through Twenty-eight of Plaintiff's Complaint as if set out in full herein.

30.     In response to the allegations of Paragraph Thirty of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

31.     In response to the allegations of Paragraph Thirty-one of Plaintiff's Complaint, Defendants deny all allegations and demand strict proof thereof.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any of the remedies or damages he claims he is entitled to in Plaintiff's Prayer for Relief.

## ADDITIONAL DEFENSES

In addition to their responses to the allegations of Plaintiff's Complaint, Defendants plead the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's Complaint, or parts thereof, fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Defendants deny the material allegations in Plaintiff's Complaint and demand strict proof thereof.

## THIRD DEFENSE

Defendant denies that it violated any aspect of Section 1983.

## FOURTH DEFENSE

Defendants deny that Plaintiff has been discriminated against because of his race by any of Defendants' actions.

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## SIXTH DEFENSE

Defendants deny that Plaintiff has sustained the injuries and damages alleged in his Complaint and demand strict proof thereof.

## SEVENTH DEFENSE

Defendant denies that Plaintiff is entitled to punitive damages in this cause.

## EIGHTH DEFENSE

Defendant denies that Plaintiff is entitled to compensatory damages in this cause.

## NINTH DEFENSE

The claims contained in the complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a)  it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden

(b)  the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these defendants, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which

violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

 (d)  the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal protection Clause of the Fourteenth Amendment of the United States Constitution;

 (e)  the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

 (f)  the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in the violation of the Eighth Amendment of the United States Constitution.

## **TENTH DEFENSE**

The recovery of punitive damages by the plaintiff in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

 (a)  it is a violation of the Due Process Clause to impose punitive damages,

which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)  the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e)  the award of punitive damages in this case would constitute a deprivation of property without due process; and

## ELEVENTH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWELFTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article One, Section Sixteen of the Constitution of Alabama.

## THIRTEENTH DEFENSE

Defendant SCAMHB is being sued as an agent of the State of Alabama and is, therefore, immune from claims for punitive damages.

## FOURTEENTH DEFENSE

Defendants plead the affirmative defense of estoppel.

## FIFTEENTH DEFENSE

Defendants plead the affirmative defense of laches.

## SIXTEENTH DEFENSE

Defendants plead the affirmative defense of fraud.

## SEVENTEENTH DEFENSE

Defendants plead the equitable defense of unclean hands.

## EIGHTEENTH DEFENSE

Defendants aver that any decisions regarding Plaintiff were based on legitimate business reasons that were not discriminatory, in the alternative, Defendants plead the Mt. Healthy defense.

## NINETEENTH DEFENSE

Defendant Beasly's conduct complained of in Plaintiff's Complaint was performed in the line and scope of her duties which protects her from Plaintiff's claims pursuant to the doctrine of qualified immunity.

## TWENTIETH DEFENSE

Plaintiff's claims fail because he had no property interest in completion of the program offered by Defendant SCAMHB and, therefore, his Constitutional rights were not violated.

## TWENTY-FIRST DEFENSE

This Honorable Court lacks jurisdiction over claims asserted against Defendant in that Plaintiff has failed to exhaust administrative remedies available to him.

## TWENTY-SECOND DEFENSE

The Complaint, or parts thereof, fails to state a claim against Defendant upon which relief may be granted in that Plaintiff has failed to exhaust administrative remedies available to him.

Respectfully submitted,

/s / Gregg L. Smith
asb-0788-i68G
**GREGG L. SMITH**
Attorney for Defendants South Central Alabama
Mental Health Board and Donna Beasly

OF COUNSEL:
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101
greggsmith@bellsouth.net

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by e-filing this pleading and placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _____ day of _____, 2006:

Mr. Bruce C. Boynton
BRUCE CARVER BOYNTON, LLC
Post Office Box 389
Selma, AL 36702

                                          /s/ Gregg L. Smith
                                          OF COUNSEL