IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. : |
| ) | CV-2-06-129-WKW |
| ) | |
| DONNA BEASLY and SOUTH ) | |
| CENTRAL ALABAMA MENTAL ) | |
| HEALTH CENTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, South Central Alabama Mental Health Center (properly known as, South Central Alabama Mental Health Board and hereinafter referred to as "SCAMHB" or "Defendant") and Donna Beasley, (hereinafter, "Beasley" or "Defendant"), being sued in both her individual and official capacity, and file this Memorandum of Law in Support of Their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 seeking for the Court to issue an Order dismissing all counts of the Complaint filed by Plaintiff Anthony Daniels (hereinafter, "Plaintiff" or "Daniels"). In support of their Motion, Defendants state the following:

## **STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986) (citation and internal quotation omitted). Under Rule 56 of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment "forthwith if the pleadings [discovery and affidavits], show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986), the United States Supreme Court stated that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which were designed to 'secure the just, speedy and inexpensive determination of every action.'" Thus, Rule 56 applies with equal force to all litigation.

The Eleventh Circuit has also commented upon the appropriate standard for granting a motion for summary judgment. In *Kramer v. Unitas*, the Court stated:

> In *Celotex* the Court discussed the burden that each party
> must bear on a summary judgment motion. The moving
> party "bears the initial responsibility of informing the

> district court of the basis for its motion, . . . "; but Rule 56 contains no "express or implied requirements . . . that the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim." Rule 56(e) then "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."
>
> 831 F.2d 994, 997 n.10 (11th Cir. 1987) (emphasis original; citations

omitted).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986), the Supreme Court discussed the quantum of evidence necessary to sustain a summary judgment motion:

> [T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment: the requirement is that there be no genuine issue of <u>material</u> fact. . . . Regarding materiality, 'it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.'

*Cited* in *Kramer*, 831 F.2d at 997-998 n.10 (emphasis in original; citations omitted). On a motion for summary judgment, the Court must review the record, and all its inferences, in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, (1962). The Eleventh Circuit has noted the requirement that, when reviewing a motion for summary judgment, the

3

evidence being viewed in a light most favorable to the nonmoving party "does not lessen the burden of the nonmoving party in any way. The nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987).

## PLAINTIFF'S CONTENTIONS

In Plaintiff's Complaint are Plaintiff's claims against Defendants in this matter:

1. Plaintiff was wrongfully dismissed from the First Step drug rehabilitation program (a facility operated by Defendant SCAMHB) due to his race which violated his rights under 42 U.S.C. §1983 (hereinafter "Section 1983"). (Count One.)

2. Plaintiff's procedural due process rights were deprived by Defendants when he was dismissed from the First Step program which was a court-ordered pre-condition to be assigned to a halfway house in Mobile, Alabama. Plaintiff claims that the denial of the right to attend the halfway house due to the actions of Defendants is a violation of his due process rights protected under Section 1983. (Count Two.)

3. Plaintiff alleges that his procedural due process rights were violated by

Defendants not having sufficient procedural safeguards in place ensuring that Plaintiff had the opportunity to attend the halfway house. Plaintiff claims that this lack of procedural due process violated his rights under Section 1983. (Count Three.)

4. Plaintiff also claims that he was denied his substantive due process rights in that the reason Plaintiff was dismissed from the First Step program was insufficient as a matter of law. Plaintiff alleges that this violated his rights as protected under Section 1983. (Count Four.)

5. Plaintiff alleges that a contract existed between Defendants and Plaintiff requiring his admission to the halfway house in Mobile. Plaintiff claims that Defendants breached this contract under laws of the State of Alabama. (Count Five.)

## STATEMENT OF FACTS

1. Plaintiff was ordered by the Circuit Court of Dallas County to attend a drug rehabilitation program, First Step, as a condition of drug related criminal charges pending before the Court. (Corrected Order of Circuit Court of Dallas County, Alabama, dated November 4, 2005, attached as Exhibit "A" to Defendants' Submission of Evidence in Support of Their Motion for Summary Judgment, and hereinafter referred to as "Defendants' Submission.")

2. Donna Beasley is the Substance Abuse Director of the First Step facility located in Luverne, Alabama. (Declaration of Donna Beasley, hereinafter referred to as "Beasley Dec.", at p. 1-2, attached as Exhibit "B" to Defendants' Submission.) First Step is a substance abuse rehabilitation center which is operated by South Central Alabama Mental Health Board ("SCAMHB"). (*Id.*) SCAMHB contracts with the State of Alabama to provide individuals ("consumers") with various types of mental health aid in the southern central area of Alabama.[1]

3. Plaintiff enrolled in the First Step facility on December 21, 2005. (*Id.*; First Step Admission Agreement, signed by Plaintiff, dated December 21, 2005, attached as Exhibit "C" to Defendants' Submission.) Plaintiff entered into an agreement that he would abide by the rules of the facility and actively participate in the drug rehabilitation program. (Exhibit "C.")

4. One of the terms of the agreement between First Step and Plaintiff was that any consumer who received three write ups for rules violations could be dismissed from the rehabilitation program. (SCAMHB Residential Stabilization Program Disciplinary Policy, attached as Exhibit "D" to Defendants' Submission.)

---

[1] For purposes of summary judgment, it is presumed (although not admitted) that SCAMHB provides services under color of State law.

Plaintiff received a copy of this policy and was given an explanation of his rights to file a grievance over any issues related to his treatment. (Statement of Understanding Consumer Grievance Procedures, signed by Plaintiff and dated December 21, 2005, attached as Exhibit "E" to Defendants' Submission.)

    5. Plaintiff received written warnings ("write ups") on January 10, January 11 and January 14, 2006. (Disciplinary write ups of Plaintiff, dated 1/10/06, 1/11/06 and 1/14/06, attached collectively as Exhibit "F" to Defendants' Submission.) On January 17, 2006, one day prior to Plaintiff's completion of the rehabilitation program, several consumers in the group rehabilitation facility complained that Plaintiff had threatened to harm one of the other consumers in the group. (Beasley Dec. at p. 2.) Upon questioning Plaintiff about the allegations, Plaintiff cursed Nichole Hardwick, a staff member of First Step. (*Id*.) Threatening to cause physical harm to another consumer and cursing at a member of the First Step staff are rules violations of the program.

    6. Defendant Beasley investigated the accusations about Plaintiff with Theresa Stinson, a senior counselor for First Step. (*Id*.; Progress report of Anthony Daniels, dated January 17, 2006, attached as Exhibit "G" to Defendants' Submission.) After completing the investigation, Defendant Beasley chose to discharge Plaintiff from the rehabilitation program on January 17, 2006. (*Id*.) In

his meeting with Defendant Beasley, Plaintiff was informed that he had the right to contact the designated advocate for defending him from the discharge or that he could contact the advocate supplied by the State of Alabama at a toll free number. (Beasley Dec. at p. 3.) Plaintiff stated that he did not want to contact Dr. Brown. (*Id*.) First Step never heard from any advocate from the State concerning Plaintiff. (*Id*.)

    7. Plaintiff was returned to the Dallas County authorities where he was subsequently placed in the halfway house in Mobile, Alabama.

## **ARGUMENT**

Plaintiff's claims primarily center on the alleged deprivation of his civil rights under 42 U.S.C. §1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation , custom, or usage, of any State . . . causes to be subjected any citizen . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. §1983.

In 2005, Plaintiff was under the jurisdiction the Circuit Court of Dallas County, Alabama for violations of criminal statutes. Generally, Plaintiff alleges that when the Circuit Court of Dallas County ordered Plaintiff to attend a drug

rehabilitation program and successfully complete that program as a pre-condition to being sent to a halfway house as part of his sentencing for his crimes, Plaintiff acquired certain civil rights owed him by the rehabilitation program.

The program attended by Plaintiff is First Step, located in Luverne, Alabama. (Beasley Dec. at p. 1.) While at First Step, a live-in facility, Plaintiff agreed to abide by the conditions of being a "consumer" in the program. (Exhibit "C.") One of these conditions was that violations of the rules of the program on three occasions would subject a consumer to be dismissed from the program. (Exhibit "D.") Plaintiff entered the First Step 28 day program on December 21, 2005. (Exhibit "C.")

Plaintiff was aware that three or more violations of the rules could lead to a early dismissal from the program. (Exhibits "D" and "E.") Plaintiff was written up for rules violations three times prior to January 17, 2006. (Exhibit "F.") On that date, Plaintiff was accused of threatening harm to another consumer and for cursing at a staff member of First Step. (Beasley Dec. at p. 2.)

Defendant Donna Beasley conducted and investigation into the allegations made against Plaintiff. (*Id.*) Ms. Beasley and staff counselor Theresa Stinson reviewed nine hand-written statements from consumers in the program who witnessed Plaintiff threatening another consumer. (*Id.*) Ms. Beasley gave Plaintiff

an opportunity to explain his actions. (*Id*.) When no explanation was forthcoming from Plaintiff, Ms. Beasley elected to discharge Plaintiff from the rehabilitation program, one day before Plaintiff was to have completed the program. (*Id*.)

Plaintiff was informed that if he had any grievance regarding any aspect of his treatment at First Step, he could contact a consumer advocate or another consumer advocate with the State of Alabama. (*Id*. at p. 3.) Plaintiff did not contact any advocate in this instance. (*Id*.)

In any claim under Section 1983, there must be a "deprivation" of a right under color of State law. 42 U.S.C. §1983. In the case at hand, Plaintiff presumed that the early dismissal from the rehabilitation program would result in his not being sent by the Circuit Court of Dallas County to serve his sentence at a halfway house rather than a more restrictive jail environment. Plaintiff's presumption motivated the filing of his Complaint and the contemporaneously filed motion for preliminary injunction to have Plaintiff sent to a halfway house. The injunctive motion was rendered moot by this Court when it was determined that Plaintiff was residing in a halfway house in Mobile, Alabama when he was later arrested on federal criminal drug trafficking charges. (Court Order entered 8/31/06.)

Plaintiff's claims against Defendants should be dismissed as a matter of law. There was no "deprivation" of any alleged rights of Plaintiff in that he did attend

the halfway house in Mobile after being discharged from First Step. Plaintiff suffered no injury as a result of his early discharge from the First Step program. Without the deprivation of a right resulting in an injury, Plaintiff cannot maintain a Section 1983 claim against Defendants. Contrary to his allegations, Plaintiff did have an avenue of due process at First Step that he chose to ignore. Plaintiff knew that he could contact an advocate to protect his interest for any grievance he had with his treatment at the First Step program. (Exhibit "E.") Defendants provided Plaintiff with due process (use of a consumer advocate), yet Plaintiff elected to not take advantage of the procedures. (Exhibit "E" and Beasley Dec. at p. 3.) Therefore, Plaintiff was provided with all the process he was due. *Colvin v. Housing Authority of City of Sarasota, Fla.*, 71 F. 3d 864, 866 (11th Cir. 1996.) Moreover, a claim of lack of substantive due process requires that Plaintiff identify the "fundamental liberty interest" he was denied - - a burden he has failed to meet. *Tinker v. Beasley*, 429 F. 3d 1324, 1327 (11th Cir. 2005).

    Plaintiff also cannot show how a similarly situated white consumer who committed the same acts of misconduct was not discharged from the program. *Executive 100, Inc. V. Martin County*, 922 F. 2d 1536, 1552 (11th Cir. 1991). Other than Plaintiff's unsupported allegations, there is no evidence that Plaintiff's race played a part in any decision to discharge him from the rehabilitation

11

program. (Beasley Dec. at p. 3.) Case law clearly provides that a plaintiff's mere belief, conjecture, or speculation that he or she was discriminated against is not sufficient to support an inference of discrimination or to satisfy the plaintiff's burden in responding to a properly supported summary judgment motion. *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989); *Pace v. Southern Railway System*, 701 F.2d 1383, 1391 (11th Cir.), *cert. denied*, 464 U.S. 1018 (1983)("A plaintiff, when faced with a motion for summary judgment, cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact."); *Lewis-Webb v. Qualico Steel Co., Inc.*, 929 F. Supp. 385, 392 (M.D. Ala. 1996)("Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions or rumors; discrimination law would be unmanageable if disgruntled employees could defeat summary judgment by speculating about the defendant's motives."*quoting*, *Rand v. CF Industries, Inc.*, 42 F. 3d 1139, 1146 (7th Cir. 1994)) (Title VII cases claiming discrimination in employment).

     Plaintiff breach of contract claim fails for the fact that there was no contract between Defendant SCAMHB and Plaintiff to send him to a halfway house, as

claimed by Plaintiff in his Complaint. The agreement with Plaintiff was for SCAMHB/First Step to provide Plaintiff with the opportunity to complete a drug/alcohol rehabilitation program, if Plaintiff complied with the rules of the program. The only "breach" between the parties in this case was caused by Plaintiff's failure to comply with the rules of the rehabilitation program. It was Plaintiff's conduct that "breached" the agreement he had with SCAMHB and, as a result, caused his discharge from the program. As stated *supra*, this premature discharge had no adverse impact on Plaintiff – he was sent to the halfway house.

## CONCLUSION

Clearly, there is no issue of a deprivation of the civil rights of Plaintiff in this matter. Plaintiff, by order of a court, enrolled in a drug rehabilitation program that he failed to complete. Even so, Plaintiff's discharge from the program did not impact his ability to attend the halfway house he hoped to go to in lieu of jail. Plaintiff was provided with an appropriate means to protect his interests and failed to utilize the avenues of redress he had. Plaintiff was never deprived of any rights by Defendants. Accordingly, Plaintiff's claims fail as a matter of law.

WHEREFORE Defendants seek an Order from this Court granting their Motion for Summary Judgment and dismissing Plaintiff's Complaint in its entirety.

        Respectfully submitted,

         /s/ Gregg L. Smith
        **GREGG L. SMITH**
        Attorney for Defendants South Central Alabama
        Mental Health Board and Donna Beasley

**OF COUNSEL:**
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101
greggsmith@bellsouth.net

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court of the United States District Court for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to:

Nicholas P. Hebert
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, AL 35244

and by U.S. Mail, first class postage pre-paid, to:

Mr. Bruce C. Boynton
BRUCE CARVER BOYNTON, LLC,
P.O. Box 389
Selma, AL 36702-0389

         /s/ Gregg L. Smith
        OF COUNSEL