# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. : |
| | ) | CV-2-06-129-WKW |
| | ) | |
| DONNA BEASLY and SOUTH | ) | |
| CENTRAL ALABAMA MENTAL | ) | |
| HEALTH CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF DONNA BEASLEY

Pursuant to 28 U.S.C. §1746, I give this declaration for use by the Court in the above-named matter. I, Donna Beasley, declare under penalty of perjury that the foregoing information provided in this statement is true and correct.

1. My name is Donna Beasley. I am a resident of the State of Alabama and am over the age of twenty-one and competent to give this statement under penalty of perjury.

2. I am employed by South Central Alabama Mental Health Board ("SCAMHB"). I am the Substance Abuse Director for First Step, an alcohol and drug rehabilitation clinic, operated by SCAMHB.

3. In December 2005, Anthony Daniels, the Plaintiff in this cause of action,

was admitted into a 28 day in-patient substance abuse program with First Step,

which was located in Luverne, Alabama. Mr. Daniels was admitted to the

program as part of the requirements set out by the Circuit Court of Dallas County,

Alabama.

4. Mr. Daniels was informed of the requirements for staying in the program.

Mr. Daniels was also informed that if he had any grievance or complaint about any

aspect of his treatment while at First Step, he could contact an advocate about his

grievance without fear of reprisal or retaliation. Mr. Daniels was also informed

that violations of the rules and procedures of the First Step program could result in

his early discharge from the program.

5. While enrolled in the program, Mr. Daniels received write-ups for rules

violations on January 10, 11 and 14, 2006. On January 17, 2006, Mr. Daniels was

accused by another consumer (member of the in-patient program) that Mr. Daniels

had threatened to physically harm him. Nine consumers in the program supplied

written statements verifying the threat made by Mr. Daniels. When confronted

about his conduct by Nicole Hardwick, a staff member of First Step and the house

manager for the consumers in the in-patient program, Mr. Daniels verbally cursed

Ms. Hardwick.

6. Theresa Stinson, a senior counselor for First Step, and I conducted an

2

told Mr. Daniels that he could contact the consumer advocate if he wanted to

contest the decision. Mr. Daniels declined the offer to contact the advocate. I also

informed Mr. Daniels that he could contact a consumer advocate with the State of

Alabama at a later time if he wanted. I never heard from any State advocate

representing Mr. Daniels. Mr. Daniels was discharged from First Step on January

17, 2006, one day prior to the completion of his 28 day program.

7. Mr. Daniels was not discharged from the First Step program because of

his race. A consumer's race is never considered a reason for any special treatment

of any consumer. First Step has a policy of not discriminating against any

individual based upon that person's membership in a protected class.

Executed on this, the __11th__ day of __May_____,

2007.


_____
DONNA BEASLEY